- E X H I B I T   A -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

PAULTEDE DESIR,

                        Plaintiff,

   -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC
and FLATBUSH DELAWARE HOLDING LLC,

                        Defendants.

-------------------------------------------------------------------X

Index No.:_____
Date Purchased:_____

Plaintiff designates Kings
County as the place of trial.

The basis of venue is:
Plaintiff's Residence.

**SUMMONS**

Plaintiff resides at
659 Ocean Avenue, Apt. F1
Brooklyn, New York 11220

**TO THE ABOVE-NAMED DEFENDANTS:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve notice of appearance on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within this state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Mineola, New York
         November 24, 2020

                                                Jeffrey P. Miller
                                                SILER & INGBER, LLP
                                                *Attorneys for Plaintiff*
                                                301 Mineola Boulevard
                                                Mineola, New York 11501
                                                (516) 294-2666

**Defendants' Addresses:**

**THE STOP & SHOP SUPERMARKET COMPANY LLC**
c/o Secretary of State

**FLATBUSH DELAWARE HOLDING LLC**
c/o Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
PAULTEDE DESIR,

      Plaintiff,

 -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC
and FLATBUSH DELAWARE HOLDING LLC,

      Defendants.
------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:_____

  Plaintiff, PAULTEDE DESIR, by her attorneys, SILER & INGBER, LLP, complaining of Defendants, THE STOP & SHOP SUPERMARKET COMPANY LLC and FLATBUSH DELAWARE HOLDING LLC, respectfully alleges, upon information and belief, as follows:

  1. That at all times hereinafter mentioned, Plaintiff, PAULTEDE DESIR, was, and still is, a resident of the County of Kings, State of New York.

  2. That upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was, and still is, a foreign limited liability company licensed, duly organized, and existing under and by virtue of the laws of the State of Delaware.

  3. That upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, transacted business in the State of New York.

  4. That upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, was, and still is, a foreign limited liability company licensed, duly organized, and existing under and by virtue of the laws of the State of Delaware.

5. That upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, transacted business in the State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION**

6. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "5" with the same force and effect as if set forth herein at length.

7. That, upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was, and is, an owner of the supermarket located at 1009 Flatbush Avenue, Brooklyn, County of Kings, State of New York (hereinafter referred to as the "Premises").

8. That, upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, was, and is, an owner of the Premises.

9. That, upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was, and is, the lessor of the Premises.

10. That, upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, was, and is, the lessor of the Premises.

11. That, upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was, and is, the lessee of the Premises.

12. That, upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, was, and is, the lessee of the Premises.

13. That, upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees maintained the Premises.

14. That, upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees maintained the Premises.

15. That, upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees operated the Premises.

16. That, upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees operated the Premises.

17. That, upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees controlled the Premises.

18. That, upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees controlled the Premises.

19. That, upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees were in possession of the Premises.

20. That, upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees were in possession of the Premises.

21. That, upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees managed the Premises.

22. That, upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees managed the Premises.

23. That, upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees supervised, managed, maintained, controlled, and at times and various times inspected the Premises and had in its employ officers, agents, servants, and/or employees who generally or periodically inspected the Premises.

24. That, upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees supervised, managed, maintained, controlled, and at times and various times inspected the Premises and had in its employ officers, agents, servants, and/or employees who generally or periodically inspected the Premises.

25. That on or about March 28, 2020, Plaintiff, PAULTEDE DESIR, was lawfully on or about the aforesaid Premises at the express and/or implied invitation and/or permission of Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC.

26. That on or about March 28, 2020, Plaintiff, PAULTEDE DESIR, was lawfully on or about the aforesaid Premises at the express and/or implied invitation and/or permission of Defendant, FLATBUSH DELAWARE HOLDING LLC.

27. That Plaintiff, PAULTEDE DESIR, and the public were invited to the Premises by and/or on behalf of Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, for the purpose of purchasing various food items and/or merchandise from Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC.

28. That Plaintiff, PAULTEDE DESIR, and the public were invited to the Premises by and/or on behalf of Defendant, FLATBUSH DELAWARE HOLDING LLC, for the purpose of purchasing various food items and/or merchandise from Defendant, FLATBUSH DELAWARE HOLDING LLC.

29. That on or about March 28, 2020, Plaintiff, PAULTEDE DESIR, was a patron of Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, at the aforementioned Premises.

30. That on or about March 28, 2020, Plaintiff, PAULTEDE DESIR, was a patron of Defendant, FLATBUSH DELAWARE HOLDING LLC, at the aforementioned Premises.

31. That upon information and belief, at all times hereinafter mentioned, Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees was charged with the duty of keeping the Premises and/or its surrounding area in a safe and proper condition sufficient to protect those lawfully in and about and/or traversing the Premises and that Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees owed such a duty to Plaintiff, PAULTEDE DESIR.

32. That upon information and belief, at all times hereinafter mentioned, Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees was charged with the duty of keeping the Premises and/or its surrounding area in a safe and proper condition sufficient to protect those lawfully in and about and/or traversing the Premises and that

Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees owed such a duty to Plaintiff, PAULTEDE DESIR.

33. That Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees owed a duty to Plaintiff, PAULTEDE DESIR, to exercise the highest degree of care regarding her safety.

34. That Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees owed a duty to Plaintiff, PAULTEDE DESIR, to exercise the highest degree of care regarding her safety.

35. That Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees owed to Plaintiff, PAULTEDE DESIR, a duty of reasonable care.

36. That Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees owed to Plaintiff, PAULTEDE DESIR, a duty of reasonable care.

37. That on or about March 28, 2020, while Plaintiff, PAULTEDE DESIR, was lawfully at, on, and/or about the Premises of Defendants, and solely by reason of the carelessness and negligence of said Defendants, their officers, agents, servants, and/or employees as hereinafter set forth, Plaintiff, PAULTEDE DESIR, was caused to fall and sustain serious personal injuries.

38. That Defendants, their officers, agents, servants, and/or employees breached their duty to provide a safe place to traverse and were negligent in their ownership, operation, management, control, and supervision of the Premises, as aforesaid, in that owing to the carelessness, negligence, recklessness, and improper and unlawful conduct of Defendants, their officers, agents, servants, and/or employees, Plaintiff, PAULTEDE DESIR, sustained the injuries hereinafter alleged; in causing, allowing and permitting the said Premises to be and remain in a

dangerous, improper, defective, hazardous, trap-like, and unlawful condition; in negligently and carelessly causing or allowing a dangerous, defective, and unsafe condition to exist; in failing to protect Plaintiff, PAULTEDE DESIR, or persons similarly situated; Defendants, their officers, agents, servants, and/or employees were further careless and negligent in failing to provide a safe and proper place for Plaintiff, PAULTEDE DESIR, and others similarly situated, to traverse; in that Defendants, their officers, agents, servants, and/or employees failed to warn Plaintiff, PAULTEDE DESIR, and others of the conditions; and Defendants, their officers, agents, servants, and/or employees were otherwise negligent in the ownership, management, maintenance, operation, supervision, and control of the Premises, all in violation of the laws and ordinances of the City and/or State of New York.

39. That the aforesaid occurrence was caused by and due to the breach of duty on behalf of Defendants, their officers, agents, servants, and/or employees and separately the negligence of Defendants, their officers, agents, servants, and/or employees in the ownership, management, maintenance, operation, supervision and control of the aforesaid Premises and in failing to provide Plaintiff, PAULTEDE DESIR, with a safe place to traverse as required by law.

40. That the aforesaid occurrence and the personal injuries sustained by Plaintiff, PAULTEDE DESIR, were caused wholly by reason of the breach of duty to provide a safe place to traverse and separately the negligence, recklessness, and/or carelessness of Defendants, their officers, agents, servants, and/or employees.

41. That there was no culpable conduct on the part of Plaintiff, PAULTEDE DESIR, contributing thereto.

42. That solely by reason of the foregoing, Plaintiff, PAULTEDE DESIR, was rendered sick, sore, lame, bruised, and disabled; received severe and serious injuries to diverse parts of her

body; experienced and continues to experience great pain and suffering; and Plaintiff, PAULTEDE DESIR, has been informed and verily believes said injuries to be of a permanent and lasting nature; and Plaintiff, PAULTEDE DESIR, was compelled to obtain medical care and treatment for said injuries; and Plaintiff, PAULTEDE DESIR, was compelled and continues to be compelled to expend diverse sums of money for such medical care and treatment; and Plaintiff, PAULTEDE DESIR, was incapacitated from attending to her usual duties, functions, employment and recreational activities; and in other ways Plaintiff, PAULTEDE DESIR, was damaged, all of which will continue into the future.

43. That the limitations of liability as set forth in C.P.L.R. § 1601 do not apply herein because one or more of the exemptions set forth in C.P.L.R. § 1602 apply.

44. By reason of the foregoing, Plaintiff, PAULTEDE DESIR, has been damaged in an amount in excess of the maximum monetary jurisdiction of all lower courts.

**AS AND FOR A SECOND CAUSE OF ACTION**

45. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "44" with the same force and effect as if set forth herein at length.

46. That, upon information and belief, at all times hereinafter mentioned, the Premises had inadequate warnings and/or signs indicating that said condition existed in an aisle, in violation of the applicable laws, codes, rules, and regulations.

47. That Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees created the aforesaid conditions.

48. That Defendant, FLATBUSH DELAWARE HOLDING LLC. its officers, agents, servants, and/or employees created the aforesaid conditions.

49. That Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees knew that same were dangerous, and that Plaintiff, PAULTEDE DESIR, and others visiting the aforementioned Premises were in danger of falling due to the conditions, thereby risking and causing injury.

50. That Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees knew that same were dangerous, and that Plaintiff, PAULTEDE DESIR, and others visiting the aforementioned Premises were in danger of falling due to the conditions, thereby risking and causing injury

51. That Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees had actual and constructive notice of the defective conditions.

52. That Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees had actual and constructive notice of the defective conditions.

53. That Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees had notice of the dangerous, hazardous, and defective condition prior to the subject occurrence, and there was a failure or neglect by Defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, its officers, agents, servants, and/or employees, to repair, remove, or correct the dangerous, hazardous and defective, condition, or to make said Premises in a reasonably safe condition.

54. That Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees had notice of the dangerous, hazardous, and defective condition prior to the subject occurrence, and there was a failure or neglect by Defendant, FLATBUSH DELAWARE HOLDING LLC, its officers, agents, servants, and/or employees, to repair, remove,

or correct the dangerous, hazardous and defective, condition, or to make said Premises in a reasonably safe condition.

55. That while Plaintiff, PAULTEDE DESIR, was walking in, on, and/or about the Premises, she was caused to fall due to the aforesaid dangerous, hazardous, and defective condition.

56. That said fall was due to the negligence of Defendants, their officers, agents, servants, and/or employees in that Defendants, their officers, agents, servants, and/or employees failed to have the conditions in the Premises maintained and/or repaired in a proper manner; in that they allowed the defective conditions to exist in areas which Defendants, their officers, agents, servants, and/or employees knew Plaintiff, PAULTEDE DESIR, and others would walk and traverse; in that they failed to inspect the conditions of the defects and repair the Premises after Defendants, their officers, agents, servants, and/or employees were warned of the dangerous nature of the conditions; in that Defendants, their officers, agents, servants, and/or employees ignored numerous complaints in failing to maintain, repair, and remedy said dangerous conditions; in that Defendants, their officers, agents, servants, and/or employees were reckless, careless and negligent in not providing for the regular inspection, supervision, maintenance, management and control of the Premises in question; in that Defendants, their officers, agents, servants, and/or employees failed to warn Plaintiff, PAULTEDE DESIR, and others of the conditions; and that said fall of Plaintiff, PAULTEDE DESIR, was caused by reason of the negligence Defendants, their officers, agents, servants, and/or employees, all of which caused Plaintiff, PAULTEDE DESIR, to sustain serious and permanent personal injuries.

57. That as a result of the foregoing, Plaintiff, PAULTEDE DESIR, was caused to sustain serious, severe, permanent, and disabling injuries.

58. That the incident herein was caused solely by the negligence of Defendants, their officers, agents, servants, and/or employees herein, without any conduct of Plaintiff, PAULTEDE DESIR, contributing thereto.

59. That the limitations of liability as set forth in C.P.L.R. § 1601 do not apply herein because one or more of the exemptions set forth in C.P.L.R. § 1602 apply.

60. By reason of the foregoing, Plaintiff, PAULTEDE DESIR, has been damaged in an amount in excess of the maximum monetary jurisdiction of all lower courts.

**WHEREFORE**, Plaintiff, PAULTEDE DESIR, demands judgment against Defendants, THE STOP & SHOP SUPERMARKET COMPANY LLC and FLATBUSH DELAWARE HOLDING LLC, in an amount in excess of the maximum monetary jurisdiction of all lower courts, and for such other further relief as this Honorable Court deems just and proper.

Dated: Mineola, New York
       November 24, 2020

Jeffrey P. Miller
SILER & INGBER, LLP
*Attorneys for Plaintiff*
301 Mineola Boulevard
Mineola, New York 11501
(516) 294-2666

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF NASSAU )

The undersigned, an attorney, duly admitted to practice law in the courts of the State of New York, shows that:

I am associated with the law firm of SILER & INGBER, LLP, the attorneys of record for the Plaintiff in the within action; I have read the foregoing document and know the contents thereof; the same is true to my knowledge, except as to the matters therein states to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by Plaintiff is that Plaintiff does not reside in the County in which your affirmant maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: books, records, memoranda, etc. in office file.

I affirm that the foregoing is true, under the penalties of perjury.

Dated:  Mineola, New York
        November 24, 2020

_____
JEFFREY P. MILLER

INDEX NO.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

PAULTEDE DESIR,

           Plaintiff,

- against -

THE STOP & SHOP SUPERMARKET COMPANY LLC and FLATBUSH DELAWARE HOLDING LLC,

           Defendants.

## SUMMONS AND VERIFIED COMPLAINT

### SILER & INGBER, LLP
*Attorneys for Plaintiff*
301 Mineola Boulevard
Mineola, New York 11501
Phone: (516) 294-2666
Fax: (516) 294-0870

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:   Mineola, New York
         November 24, 2020

                                                                           Jeffrey P. Miller

Service of a copy of the within                                   is hereby admitted

Dated,

                                                                     ..............................................
                                                                     Attorney(s) for Plaintiff

Sir: - Please take notice

on                   20     at         M.
Dated,                                                       Yours, etc.
                                                        SILER & INGBER, LLP
To                                                         *Attorneys for Plaintiff*
                                                        301 Mineola Boulevard
                                                        Mineola, New York 11501
                                                        (516) 294-2666

SUPREME COURT: STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X    INDEX NO.: 525514/2020 Efile
PAULTEDE DESIR,

                        Plaintiff,

against                                             STIPULATION

THE STOP & SHOP SUPERMARKET COMPANY
LLC and FLATBUSH DELAWARE HOLDING LLC,

                        Defendants.
---------------------------------------------------------------X

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys that the entity, THE STOP & SHOP SUPERMARKET COMPANY LLC, which does own and operate the supermarket located at 1009 Flatbush Avenue, Brooklyn, NY, will be the sole remaining defendant in this action.

      IT IS FURTHER STIPULATED AND AGREED that this action and attendant claims are discontinued as against FLATBUSH DELAWARE HOLDING LLC, with prejudice but said claims and causes of action by plaintiff remain and are continuing solely against THE STOP & SHOP SUPERMARKET COMPANY LLC.

      IT IS FURTHER STIPULATED AND AGREED that electronic/facsimile signatures of this Stipulation may be treated as originals, that counterparts shall each be considered originals and either may be filed the Clerk of the Court without further notice.

Dated: Mineola, New York
       May 3, 2021

*Sasha Shafeek*

TORINO & BERNSTEIN, P.C.
By: Sasha Shafeek, Esq.
Attorneys for Defendant
THE STOP & SHOP SUPERMARKET
COMPANY LLC and FLATBUSH
DELAWARE HOLDING LLC
200 Old Country Road, Suite 220
Mineola, New York 11501

SILER & INGBER, LLP
By: _Jeffrey B. Siler_
Attorneys for Plaintiff
PAULTEDE DESIR
301 Mineola Boulevard
Mineola, New York 11501